SUTTON, J.,
concurring, joined by CLAY, J.
We join all of Judge Rice’s opinion except for Part III.A.2. We affirm the district court’s denial of all of Laws’ claims, including her FMLA retaliation claim.
Laws has not presented any direct evidence to support her FMLA retaliation claim, so the familiar McDonnell Douglas framework applies. Under this standard, Laws bears the burden of establishing a prima facie case of discrimination. Cline v. BWXT Y-12, LLC, 521 F.3d 507, 509 (6th Cir.2008). If she succeeds in doing so, the burden shifts to the hospital to produce a legitimate, nondiscriminatory explanation for its decision. Id. At that point, Laws must introduce evidence that would allow a reasonable jury to conclude *415 that the hospital’s explanation is pretextual. Id.
Even if we assume that Laws has made out a prima facie case, she has no cognizable claim of pretext. The hospital has put forward two solid justifications for firing Laws. First, Laws received two warnings for insubordination in 2008, based on inappropriate interactions with her superiors. Second, and most egregiously, Laws wrote on a patient’s chart, in the Physician’s Orders section, that the patient’s Vicodin should be discontinued. Laws lacked any authorization to make such a notation and caused the patient to suffer intense pain as a result of her misconduct.
Firing Laws for the latter offense alone is eminently reasonable. Patient safety is a hospital’s paramount concern, and Laws’ actions recklessly caused severe harm to one of her patients. Indeed, Laws’ behavior was serious enough to warrant a report to the Kentucky Board of Nursing, a consequence that underscores the gravity of what she did. And this intentional misconduct was on top of Laws’ additional repeated and public insubordinate behavior toward her supervisor. The hospital had ample reason to fire her.
Laws offers several pieces of evidence that she argues might be sufficient for a jury to infer that she was fired because of her FMLA absences. But all of the evidence Laws claims should get her to a jury is highly speculative, and none of it helps overcome the seriousness of her infraction. Even the most generous of juries could not reasonably conclude that the hospital’s justification for firing Laws was a pretext for discrimination. The potential implications of Laws’ actions for patient safety are simply too great. A hospital, in the normal course of business, must be able to fire an insubordinate nurse after she threatens patients’ safety by taking medical decisions into her own hands.
For these reasons, we affirm the district court in full.